# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                           )
        v.                 )        I.D. No. 9804001318
                           )
LEROY SHELLEY,             )
                           )
        Defendant.         )

Submitted: July 26, 2019
Decided:  July 31, 2019

*Upon Defendant's Motion to Vacate Sentence Pursuant to Rule 35*
**DENIED.**

## ORDER

Leroy Shelley, *pro se*, Wilmington, DE.

Maria T. Knoll, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

**WHARTON, J.**

This 31st day of July, 2019, upon consideration of Defendant's Motion to Vacate Sentence Pursuant to Rule 35 and the record in this matter, it appears to the Court that:

1.    This Motion to Vacate Sentence Pursuant to Rule 35 is Defendant Leroy Shelley's ("Shelley") second such motion filed within the past month. The Court denied Shelley's first Motion to Vacate Sentence Pursuant to Rule 35(a) on July 12, 2019.[1] In that Order, the Court recited Shelley's long and uniformly unsuccessful history of litigating this matter in the Superior Court, the Delaware Supreme Court, and federal court, and need not recite it again here.[2]

2.    In his first motion, Shelley sought to vacate his 2008 sentence because he claimed that the trial court did not advise him as a *pro se* litigant of his right to appeal as required by Superior Court Criminal Rule 32(a)(2).[3] The relief he requested was for the Court to resentence him so that he might file a direct appeal.[4]

3.    The Court treated that motion as one alleging Shelley's sentence was imposed in an illegal manner, since his sentence clearly did not exceed the statutorily authorized limits or violate the Double Jeopardy Clause.[5] Nor was Shelley's sentence ambiguous as to the time and manner in which it was to be served, internally

---

[1] *State v. Shelley*, 2019 WL 3248617 (Del. Super. July 12, 2019).
[2] *Id.* at *1.
[3] D.I. 80.
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998), quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992).

contradictory, lacking a statutorily required term, uncertain as to its substance, or unauthorized by the judgment of conviction.[6] The Court then determined that the 90-day time period within which to move to correct a sentence imposed in an illegal manner pursuant to Rule 35(a) applied.[7] Shelley appeared to agree, but argued that the doctrine of equitable tolling permitted the Court to grant him the relief he sought.[8] The Court did not agree that it could equitably toll the 90-day time period and denied the motion.[9]

4.    In this motion, Shelley tries a new approach, arguing that "[T]he Delaware Superior Court can entertain a motion under rule [sic] 35 outside the 90 day window under only one exception – 'extraordinary circumstances'."[10] Unfortunately for Shelley, the "extraordinary circumstances" exception applies to motions to reduce sentences under Rule 35(b), which this motion is not.

**THEREFORE**, Shelley's Motion to Vacate Sentence Pursuant to Rule 35 is **DENIED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[6] *Id.*
[7] *Shelley v. State* at *1.
[8] D.I. 80.
[9] *Shelley v. State* at *2.
[10] D.I. 82.

3